Mark Andrew Prada is here for Petitioner D'Souza, Remy DeRocha Afodu is here for the Respondent, the Attorney General, and Mr. Prada. You may begin your argument. May it please the court. The withholding of removal regulations recognize two forms of persecution. Threats to life or freedom. These are independent basis established persecution. Now our past persecution claim is trying to demonstrate persecution on a basis of physical harm, but our future persecution case based on the country conditions is about the threat to life of freedom to freedom and also a threat to life as there is evidence showing instances of corrective rape against lesbian women. Our rule that we ask the court to adopt is that just as it does with the religious persecution cases and other protected grounds that the inability to live freely and openly as a homosexual in a country where there is pervasive violence, harassment, and abuse against such individuals. Can I ask you a question? Let's assume that I agree with you that there was an error committed in saying that your client had to hide who she was, okay, and that it's contrary to the, sorry to put on my glasses, the CGT case and I think there's another case of ours that make conflict with that as well, CASMEDA. Is it a harmless error? Wasn't there an independent analysis done with respect to the Department of State reports? I would disagree for two reasons. Okay. First, the board as it stated, the immigration judge noted that this inability to live freely undermined the case. I understand. Let's assume that that's error, okay. Yes. Was there not an independent basis that was made by the immigration judge with respect to looking at the Department of State reports? So there's a doctrinal error that still would lead to reversal but also factually there's a problem with what the immigration judge did there. Because of the four country reports that were submitted, three of them were later in time than the Department of State report which contradicted or provided evidence that filled the gap that the State report as well, is a few sentences below the line that the judge relied upon stated that there was widespread violence against these individuals in India and the thrust of the statement was just because for a second time the Supreme Court of India decriminalized homosexuality, we did not know yet if things would be better. Counsel, the question for us though isn't whether we would reach a different conclusion having looked at this record. The evidence to support this independent determination and and here's how I see the record let me and I'll just go through it. So at docket entry or AR the administrative record page 152, the country report stated that India was investigating and prosecuting individual cases of violence and discrimination including those that within the LGBT community. Later on it says that NGOs were offering education and sensitivity training to police in the Supreme Court to decriminalize same-sex relations also at 199. There's the part about it being too early to determine the verdict of how this will translate into social acceptance including safe and equal opportunities and workplaces and educational opportunities. The Human Rights Watch article of page 150, so independent of that, stated court judgments in recent years have laid the groundwork for better protections from discrimination based on sexual orientation and gender identity and the Indian government stance on LGBTQ rights has evolved considerably. Based on that cannot is there not substantial evidence from which the the BIA could have reached the determination that that things were better and thus there would not be the fear of freedom to someone to live openly as you've stated? So the judge the immigration judge who is the fact finder and the board cannot. So this is a fundamental problem I have with your with your brief and your argument here so far and that is that we have said clearly that where the BIA speaks independently and I'm referring specifically to SEC 663 f3rd at 1367 quote we will not limit our review to the IJ's decision when the BIA offered its own opinion and reasoning. That's what happened here. Yes but Thamatar which is a later case and relies on older precedent states that when when the board explicitly agrees with a fact-finding of the judge you look to both the decisions. Yeah you look to the fact-finding but not the underlying reasoning. If the BIA gives its own opinion and reasoning that is what controls here and so I do not think what we do look certainly to the fact-finding of there was no fear of freedom that's the underlying fact with which was explicitly agreed to but the BIA then explained why and it cited to the very evidence I've just quoted to you. So whether or not persecution occurred in a case is a finding of fact. The board cannot make fact-finding so if what the board can agree with the underlying fact-finding which you're right there was no fear of your fear of future persecution but it can give its reasoning for why it reached that that determination and that is what we have said we look to and that certainly does not violate any regulation or rule that I know of. Well your honor I would I would proffer that SEC is not the full statement of this court's precedent on whether you can look to the board and I would say this there there's ultimate fact-finding the ultimate fact of this is this persecution or not and then there's historic fact-finding that leads to that conclusion. No there's there's evidence that that you rely on to support that fact-finding not that you're finding that in other words the board isn't going to India and determining whether it's true or not it's relying on the evidence that you all have submitted and it's giving its reasons for the finding and here I just I cited to you five separate pieces of the record that seem to support the the determination the BIA made here. So I presume the court is looking at page five of the record in the board's decision. Tell me where to look I have it all here where you'd like to look. I'm looking at the board on page three of the board's opinion it's page five of the record the first three paragraphs are regarding the future fear of persecution. Right. So I see that they talk about the state report about the recent decriminalization by the Supreme Court there and that it was too early to determine how that would translate into social acceptance and then says while the record establishes that they may face discrimination and harassment and so on it doesn't meet the level of persecution. I don't see the board engaging with those other parts of the state report and nor did the immigration. Our case law is clear that that every part of the record does not have to be admitted and the beginning of the opinion specifically states that it's reviewed the entire record and and and based on that and I believe there's a statement even in the in the IJ's opinion that says even if it's not discussed I have considered it and it's part of my determination here. Well just well that's the judge's statement. Right. Right and not the board but then immigration judges do that just because a fact finder states a standard doesn't mean that they actually engage with the standard. We think they lie. No for example this court Ruiz versus US Attorney General from a year or two ago Judge Newsom wrote the opinion and the state of very clear like just stating a subsequently happened. Right so they the BIA made a finding adopting expressly adopting the finding of the IJ that there was no extreme person persecution regarding the claimed basis here and it discussed the evidence and I've gone over some of that same evidence. How is that not substantial evidence supporting that finding and how does the record compel a contrary conclusion? Well since the board agreed with the judge that permits us to look at the judge's opinion. Oh no that's that's not what we've said where the BIA that's certainly true if it adopts it wholesale without any independent explanation but where the I'll read it to you again from SEC where the BIA makes its own determines its own reasoning and an analysis we look to that. Yes and I would respond that you have to segregate between the explicit agreement of what the board is agreeing with and whatever. Yeah it agreed with the finding the ultimate bottom line and then it gave its reasoning for why that's the of the state report. I don't see the board discussing that in its opinion on this section of the opinion. Whatever I'm not sure that it has to for our review which is for substantial evidence so the question for us is simply whether the board's finding is supported by substantial evidence. There there if you point me to the case I'm interested in seeing it where we are limited to only the evidence that's explicitly discussed in the BIA's order. Well in Kazemzadeh that was a reason lack of reason consideration case. This isn't. But I think there's a principle in there that that sort of applies or not is analogous. In that case the where it's true the the the fact finder does not have to list every single piece of evidence but they have to discuss the most important piece of evidence. They did the country report. The only part of the country report relied upon was the statement that it was too early to know. Isn't that an indication that they've reviewed the entire country report? We make the assumption that they've only looked at the one sentence they quote? Well there's no discussion about the the sentence four sentences down about how violence is widespread in the judgment. They're clearly as with every trial there clearly is evidence supporting your side. I understand that. Yes. That's not the question for us though. I understand. The question for us is simply was there substantial evidence supporting the BIA's ultimate finding? The BIA specifically pointed to the country report. I read from you four different provisions from that country report and evidence which you yourself your client submitted from the human right the Human Rights Watch that seems to support the BIA's finding. But respectfully I think that's rewriting the judges decision at that point a bit because the the sole thing they relied upon was this statement that it's too early to know whether. Can you show me which case which says that we are limited to only the evidence that is discussed by the BIA? In INS versus Bull since 1985 the court has held that an agency decision of the basis here agreed we cannot make it up so the basis here was there is no evidence or I find based on the evidence or I believe the IJ got it right based on the evidence that there's no fear of future persecution with regard to India. Here's some evidence that we're looking at. Are we limited to only the evidence? Can you show me the case that limits us only to the evidence that is discussed in the BIA? I would say that that that that rule from Bull v INS and Chenery about that there cannot be post hoc rationalizations. One I would point out the government has never made those points in its brief if I recall. It's cited exactly the I'll pull the government's brief I have it right here marked up and the evidence that I have quoted is exactly from the government's brief every single one of them. Yes well your honor I would state that the immigration judge who made a finding that persecution was not widespread when four sentences down from the part he quoted in the state report said the violence is widespread. Yes there is other evidence in the record that supports you. The question is is there substantial evidence supporting the and does the record compel a contrary conclusion? That's I would state that the face of the immigration judge's decision where he makes a finding that is in direct contradiction to the state report only four sentences down from the section of the state report he relied upon is highly suggestive that he only looked to that one passage in the state report and the other portions of the state report that you mentioned are pages before said that the immigration judge and again I don't know why we're still talking about this given the earlier but the immigration judge explicitly stated in his order I have reviewed everything and and I've considered everything in making these findings and just because I don't discuss it does not mean I didn't review it. I understand he stated that the that's a proper statement of the law but his own fact-finding goes directly against the state report he's relying upon and whether we look to the board of the immigration judge when the board is not allowed to make fact-finding and we're dealing with an issue of fact it would make sense that we don't look to what the board does because it's prohibited from even engaging in fact-finding and that's why it's important in these cases of adoption or agreement with what the IJ said that the court says at that point you look to the immigration judge. Thank you your honor. Time for rebuttal. Let's hear from Ms. Darocha Afudu. Good morning your honors may please the court Remy Darocha Afudu representing the United States Attorney General. The court should deny the petition for review your honors because substantial evidence supports the agency's counsel you do this work I I certainly have met heard many immigration cases in my time but you do this work day in and day out is there anything that I said that was wrong is my understanding of the law wrong if I am please tell me absolutely correct your honor can you tell me what the law is on what we our job is to review here and the job is not to parse the evidence it is to find if the court is indeed looking at what petitioner said is there any compelling evidence in the record that the immigration judge and the board did not do their work here and here they did they focus on the totality of the record and as you've stated your honor the job of the court is not to parse that is not how the court reviews if the court makes certain findings that are consistent with the evidence then the BIA's conclusion is not supported by substantial evidence though right I'm sorry y'all look if if the findings by the BIA are inconsistent with the evidence presented to the IJ and the BIA then the conclusion is not supported by substantial evidence yes your honor if that is the case the concern that I have is that she does submit a country report and articles that conclude that she may face discrimination and harassment in India and the court even concluded the BIA even concluded that that was a genuine subjective fear that she has and it's supported by the country report so what why isn't that a conclusion by the by the BIA that that its decision is supported by substantial evidence there are several reports in the country reports here your honor talk about several issues going on in India and the agency looked at the totality of the circumstances here your honor and even looked at the widespread violence going on in India discussed the negative issues and arrived at the conclusion that petitioner did not have an objective basis for fear in India based on the totality of the circumstances in the record because she has to hide who she is as a homosexual if she's returned no your honor the agency did not suggest that petitioner should hide who he is the agency merely noted petitioners own testimony that her ex-girlfriend did not openly display her sexuality the agency was not suggesting at all that petitioner should hide her sexuality as we stated in our brief your honor it is a misreading of what the agency decided it's clear that the country report indicates that homosexuals face physical attacks rape and blackmail in India and that there's widespread societal discrimination and violence in India precisely on a widespread discrimination but it does not rise to the level of case where the standard the burden of proof is the clear probability standard and based on the evidence in the record petitioner has not established a clear probability that she will be persecuted in India the record supports that conclusion looking basically from the beginning from past but the issue of persecution that was raised here your honor on the discourse jurisprudence the experiences that petitioner had in India did not rise to the level of past persecution and moving forward and looking at the possibility of future persecution the record does not compel the conclusion and that is the standard your honor it is the compelling evidence standard and based on the record in this case petitioner has not established that there is anything in the record that compels the conclusion that she will be persecuted in India yes we concede your honor that petitioner likely will face future harassment based on her sexual orientation but not the clear probability of persecution that this court's jurisprudence requires the weight of the evidence and looking at it from an individualized or particularized the particularized evidence is just not here in terms of its application to the petitioner yes petitioners did provide evidence showing that people are being raped but those were done by family members father is deceased the one who you used to be her or being people are being harassed and rape who live openly as homosexuals in India so her argument as I understand it is that she is unable to live freely and openly as a member of a particular social group and that is a form of persecution and that yes your if people are being raped it is a form of persecution but she has not shown that her own that she will be subjected to such your honor under the evidence that she has a fear of persecution if she's returned if she has she has her own subjective fear of persecution if she's returned to India and she lives openly as a gay person in Indian society based on the record your honor with the Supreme Court which is the highest court in the land has decriminalized homosexual relations in India that is a first step your honor and the record does show as Judge Luck pointed out that India is moving towards acceptance of homosexuals and lesbian relations in India the record does not show the kind of widespread persecution that petitioner is making your entry report demonstrates that the country report actually is pretty ambivalent your honor in this case the country report shows that there are instances of actions but it does not show the kind of widespread horror that petitioner is making your honor it shows that there are steps being made that the NGOs are actually training police officers so that it can respond properly to these abuses and it shows that there is a change in India much like most parts of the world your honor change takes time and India is moving towards that as the immigration judge and the change as you indicate she has to go underground in order to avoid persecution oh no your honor there is nothing underground about the gay community in India the record shows that there are you know gay clubs that you know even her girlfriend who still lives in her ex-girlfriend who still lives in India actually is able to maintain some semblance of her relationship you know by attending by mixing with fellow gay people in India and so there isn't a record of this widespread societal persecution there is discrimination there is harassment but based on this court's jurisprudence it just does not rise to the level of persecution your honor in terms of what is going on in are as you've pointed out there are instances of widespread discrimination and harassment the agency's job was to look focus on the entirety of the record and not pass the record and the court's duty is not to pass the record to see what could have been or maybe we could find this way so long as substantial evidence supports the agency's ruling and there is no compelling evidence in this withholding of removal case which requires a higher burden of proof that is the standard of a clear probability your honor she has not petitioner has not made that compelling evidence here and again the court does not parse the agency has found to be if the agency makes a substantial case which it did here petitioner did not provide sufficient evidence compelling the finding that she will more likely than not be persecuted on account of her lesbian orientation if she were returned to India and again the government concedes your honor I guess I'm trying to figure out the country report seems pretty compelling that India is not there yet that homosexuals in India still face harassment they still face persecution and so she has a subjective fear that she's returned to India she cannot yet live openly as a gay person without being subjected to harassment and persecution harassment your honor is not persecution again the government reiterates that the agency looked at the evidence in its entire if you're a lesbian in India it's not persecution that you cannot live openly and freely as a lesbian in India you have to hide the fact that you're a lesbian that's not a form of persecution no your honor there are the record does not show that there are lesbians and gay people in there who did not live openly petitioner is stating a choice that she would make in India the record does not show that she cannot live openly in India especially you know I guess the concern that I have is the country report and established that India is there yet and the Supreme Court of India decriminalized same-sex relations but it said it's too early that it's too early to determine how that ruling will translate into social acceptance yes and social acceptance your honor is not persecution again the records does not point to anything that suggests that petitioner will be persecuted the government concedes that there is harassment there is discrimination just as there is in most parts of the world today what relations with lesbian and gay people and there are many people even in the United States today who choose not to live openly I mean it doesn't mean that they are being persecuted it is just their choice to you know make that overt decision not to live openly but discrimination and harassment does not equate persecution your honor and the agency looked at the record in its totality and came to the conclusion that there was no compelling evidence whatsoever to suggest that petitioner will be persecuted in India again this is a withholding of a mobile case the standard is the clear probability standard and it is it says a highest court in the land here in India decriminalizes gay relations and it shows that India is moving forward the fact that India has not totally embraced gay relations does not mean that people are being persecuted and there is petitioner will be persecuted in India we have her gay friends example she chose not to live an openly gay life as petitioner said she wouldn't which is a choice and she has not been harmed in India there are no reports whatsoever there is nothing in the record your honor to suggest that petitioner will be any other questions I'll just round up your honor argument thank you thank you your honor so we think the board properly determined that petitioners fear of future persecution is speculative and that she will not be harmed and and so we asked that the court denied a petition for review thank you your honor you understand that this substantial evidence test is pretty deferential to the BIA yes your honor this court's case in changing loop stated that the IJ cannot just speculate and reach conclusions and in that statement in the state report about it's too early to know when things would get better especially when there's a vice news article for the following year that interviewed activists and victims explaining how things actually worsened with the gangs that would catfish homosexuals and then beat them and record it and stream it on the internet I would say that the judge when he reads that statement that's a quibble hole in the state report so it's not a substantial piece of evidence in the record when there's direct evidence to the contrary that's later in time council it's your burden to show under withholding a clear probability standard essentially more likely than not and so a statement that we can't tell yet because of these new developments what it's going to be doesn't is an indication that you cannot meet or have not met your burden is it not but there's later in time evidence demonstrating the opposite this is not we're not the trial I'm not the fact finder I might hearing this evidence have reached a contrary conclusion the fact that there's contrary evidence is the case in every single or just about every single case that you bring and every single immigration case we hear yes it's a reason for the substantial evidence test and this is the question that judge Wilson asked you what evidence compels a contrary conclusion so in my brief I cited a Sixth Circuit case and a BIA case that said that you cannot rely in the Sixth Circuit case is the same standard of review as this court is required by law and in the Sixth Circuit case they said you can't just rely on the State Department report and ignore contrary evidence the judge needs to grapple with that and there is more evidence to support I read for example an article that you yourself submitted from Human Rights Watch which the country that was in the country report so your honor I would like to stop resisting that point because we we proffered three reasons for reversal so that goes to the future fear of physical harm going back to the judge Lagoa's question the original question the future fear of a threat to her freedom to live openly and freely as a homosexual is by itself enough for an approval of the application and consents of the in that case there was a an argument of physical harm for political opinion as well as a freedom argument as to religious expression on an overlapping fact pattern in that case chief judge prior said that the record did not compel a finding of the physical harm so I'll grant you that judge luck that even if that is the the court's opinion on that prong of the argument the the independent basis for the claim that she couldn't live openly and freely is enough for reversal thank you for your time your honors all right Thank You counsel the court will be in recess for 15 minutes